IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

HARRIET SURIANO,

    Plaintiff,

vs.

COSTCO WHOLESALE CORPORATION, and
MERTON BENT,

    Defendants.
_____/

## COSTCO WHOLESALE CORPORATION'S NOTICE OF REMOVAL AND SUPPORTING MEMORANDUM OF LAW

Defendant COSTCO WHOLESALE CORPORATION hereby files its Notice of Removing this case to the United States Southern District of Florida from the Circuit Court of the 15th Judicial Circuit, in and for Palm Beach County, Florida, and states:

1. This action was commenced on January 22, 2021 in the Circuit Court of the 15th Judicial Circuit in and for Palm Beach County, Florida, Case No.: 50-2021-CA-000946.

2. This is a civil action in which Plaintiff HARRIET SURIANO claims bodily injuries by virtue of her allegedly injuring herself near a parking space located in Costco's parking lot.

3. The removal of this case is authorized by the provisions of 28 U.S.C. §1441, *et seq.*

4. This Court has original jurisdiction under 28 U.S.C. § 1332(a)(1) because this case involves a controversy between plaintiff who is a citizen of the State Florida and a defendant that is a citizen of the State of Washington, and the amount in controversy exceeds the sum of $75,000.00 exclusive of interest, costs, and attorney's fees.

**Diversity of citizenship**

5.     Defendant, COSTCO WHOLESALE CORPORATION is a citizen of the State of Washington because it is a Washington corporation with its principal place of business in Washington. See 28 U.S.C.A. § 1332(c)(1) (providing that a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business); see Exh. A.

6.     Plaintiff HARRIET SURIANO is and has been at all times material a citizen of the State of Florida. See generally Huchon v. Jankowski, 2007 WL 221421 (S.D. Fla. Jan. 25 2007); Lieberman v. Lm General Ins. Co., 2015 WL 111980006, at *1 (S. D. Fla. Jan. 26, 2015) ("Here, Defendant has alleged in its Notice of Removal that Plaintiff is a citizen of Florida and that Defendant is a citizen of Illinois and Massachusetts. Plaintiff has not contested this representation, either through allegations in the Amended Complaint or in her Response. 'Allegations in the defendant's petition for removal, if not contradicted by the allegations of the complaint, are alone sufficient to establish prima facie existence of federal jurisdiction.'" (internal citation omitted)).

7.     Co-defendant, MERTON BENT, is a citizen of the State of Florida. However, Plaintiffs joined co-defendant BENT for the sole purpose of defeating federal diversity jurisdiction.

8.     "When a plaintiff names a non-diverse defendant solely in order to defeat federal diversity jurisdiction, the district court must ignore the presence of the non-diverse defendant and deny any motion to remand the matter back to state court. The plaintiff is said to have effectuated a 'fraudulent joinder' and a federal court may appropriately assert

its removal diversity jurisdiction over the case." Henderson v. Washington Nat. Ins. Co., 454 F.3d 1278, 1281 (11th Cir. 2006) (internal citation omitted)

9. "A defendant seeking to prove that a co-defendant was fraudulently joined must demonstrate either that: '(1) there is no possibility the plaintiff can establish a cause of action against the resident defendant; or (2) the plaintiff has fraudulently pled jurisdictional facts to bring the resident defendant into state court." Id. "The defendant must make such a showing by clear and convincing evidence." Id.

10. Here, Plaintiff SURIANO brings a negligence cause of action against co-defendant BENT. This count is grounded in co-defendant BENT's alleged breach of his "duty" to maintain the premises in a reasonable and safe condition by allowing an "unreasonably dangerous condition in the common area of the store, more specifically the area in and around the Parking Space." (See Exh.B at ¶25**). Yet, Plaintiff SURIANO makes the exact same allegations against Costco.** (See Exh.B at ¶¶16-20).

11. Co-defendant BENT was not involved in this matter. He was the store manager of the Costco where Plaintiff claims she was injured. (See Exh.C). He did not witness the alleged event; he did not respond to the scene after Plaintiff's alleged fall; and he had no knowledge of any substance on the floor. (See Exh.C). In fact, he was not even working that day. (See Exh.C).

12. To show that co-defendant BENT could be held liable, Plaintiff must establish: "(1) the corporation owes a duty of care to the third party, the breach of which has caused the damage for which recovery is sought; (2) the duty is delegated by the principal or employer to the defendant officer; (3) *the defendant officer has breached this duty through personal—as opposed to technical or vicarious—fault*; and (4) *with*

*regard to the personal fault, personal liability cannot be imposed upon the officer simply because of his or her general administrative responsibility for performance of some function of his or her employment."* De Varona v. Discount Auto Parts, LLC, 860 F. Supp. 2d 1344, 1347 (S.D. Fla. May 16, 2012) (emphasis added).

13. It is clear the plaintiff's Amended Complaint that Merton Bent is only being sued because of his general administrative responsibility for the performance of some function of his employment because the plaintiff makes essentially identical allegations against both Costco and Merton Bent:

> 10. At all times material hereto, the Defendant, Costco, owned, managed, controlled, possessed, maintained, and/or operator the common areas of the store, including, but not limited to, the Parking Space.
>
> 11. At all times material hereto, the Defendant, Costco, *by and through its employee, Bent,* owned, managed, controlled, possessed, maintained, and/or operator the common areas of the store, including, but not limited to, the Parking Space. [Emphasis supplied]
>
> *****
>
> 17. On or about January 25, 2020, Defendant, COSTCO WHOLESALE CORPORATION, had a duty to maintain and provide reasonably safe premises at the store, including providing safe ingress and egress for business invitees, including Plaintiff, HARRIET SURIANO. Furthermore, Defendant, COSTCO WHOLESALE CORPORATION , had a duty to properly maintain, protect, remedy, and/or warn business invitees, including plaintiff, HARRIET SURIANO, of the unreasonably dangerous condition,

which defendant, COSTCO WHOLESALE CORPORATION, knew or should have known existed in or near the parking space.

******

24. On or about January 25, 2020, Defendant, BENT, had a duty to maintain and provide reasonably safe premises at the store, including providing safe ingress and egress for business invitees, including Plaintiff, HHARRIET SURIANO. Furthermore, defendant, BENT, had a duty to properly maintain, protect, remedy, and/or warn business invitees, including Plaintiff, HARRIET SURIANO, of the unreasonably dangerous condition, which Defendant, MORALES [sic], knew or should have known existed in or near the parking space.

The specific allegations of negligence against Costco, which are found in paragraph 19 of Count 1, our identical to the allegations of negligence against Bent, which are found in paragraph 26 of Count 2.

14. Because there is no evidence that co-defendant BENT had any personal involvement in Plaintiff's incident or breached any kind of personal duty to Plaintiff SUIRANO, he cannot be held liable, and he cannot serve as a bar to establishing federal diversity jurisdiction. See id. at 1347 (finding plaintiff's cause of action against store manager was a fraudulent joinder; "it is well-established under Florida law that [the store manager] 'does not incur personal liability for [the corporation's] torts merely by reason of

[the officer's] official character. To be individually liable, a corporate officer must have committed or participated in the tort.").

**Amount in controversy**

15. The complaint, ¶1, alleges only that this is an action for damages in excess of $30,000, which is the State court jurisdictional threshold. (See Exh.B). However, Plaintiff responded to a request for admissions, admitting the amount in controversy in this case exceeds $75,000. (Exh.C).

**Timeliness**

16. The complaint was served on January 28, 2021; however, the basis for this removal is not premised on Plaintiff's Complaint but is instead based on Plaintiff's responses to Defendant's Request for Admissions, in which Plaintiffs admitted the amount in controversy exceeds $75,000. See 28 U.S.C. § 1446(b) ("If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable . . .."). This Notice of Removal is being timely filed within 30 days after April 23, 2021, the date the responses to the requests for admission were received.

**Procedural matters**

17. A copy of all process, pleadings, and orders served upon the Defendant is attached hereto as Composite Exhibit D.

18. COSTCO will give written notice of the filing of this notice as required by U.S.C. §1446(d).

19. A copy of this notice will be filed with the Clerk of the Circuit Court, in and for Palm Beach County, Florida, as required by 28 U.S.C. §1446(d).

WHEREFORE, COSTCO WHOLESALE CORPORATION, a Foreign Profit Corporation, respectfully requests this action be removed to this Court.

**CERTIFICATE OF SERVICE**

WE HEREBY CERTIFY the undersigned electronically filed on this 17 day of May 2021 the foregoing with the Clerk of Court by using CM/ECF system, which will send a notice of electronic filing to the following: Trent J. Swift, Esq., Lytal, Reiter, Smith, Ivey & Fronrath, 515 N. Flagler Dr., 10th Floor, West Palm Beach, FL 33401 (tswift@foryourrights.com; lnetherland@foryourrights.com).

                                      COONEY TRYBUS KWAVNICK PEETS
                                      Attorneys for Defendant's Name
                                      1600 W. Commercial Blvd., #200
                                      Fort Lauderdale, FL 33309
                                      (954) 568-6669; fax: (954) 568-0085
                                      Primary e-mail: reception@ctkplaw.com
                                      Secondary e-mail: tzaccour@ctkplaw.com

*"(Signed by attorney electronically after review)"*

By: _____
       DAVID F. COONEY
       Florida Bar No. 260215