IN THE CIRCUIT COURT OF THE 15TH JUDICIAL CIRCUIT IN AND FOR PALM BEACH COUNTY, FLORIDA

HARRIET SURIANO,

    Plaintiff,

v.

COSTCO WHOLESALE CORPORATION, and MERTON BENT,

    Defendant.

CASE NO.: 502021CA000946XXXXMB

_____/

## AMENDED COMPLAINT

COMES NOW, the Plaintiff, HARRIET SURIANO, by and through the undersigned counsel, hereby sues Defendant, COSTCO WHOLESALE CORPORATION (hereinafter "COSTCO"), and MERTON BENT, (BENT), and in support thereof states as follows:

### GENERAL ALLEGATIONS

1. This is an action for damages in excess of Thirty Thousand and 00/100 Dollars ($30,000.00), exclusive of costs, interest and attorney fees.

2. At all times material hereto, Plaintiff, HARRIET SURIANO, was over eighteen (18) years of age, a resident of Boynton Beach, Palm Beach County, Florida and otherwise *sui juris*.

3. At all times material hereto, Defendant, COSTCO, was a for-profit corporation conducting substantial business in the state of Florida, and registered with the Florida Secretary of State, Document Number F18000002899, to conduct business in the state of Florida, and was in fact conducting substantial business in the state of Florida, more specifically, Palm Beach County.

Exhibit "A"

4. At all times material hereto, the Defendant, BENT, was over eighteen (18) years of age, was a resident and citizen of the state of Florida, and otherwise *sui juris*.

5. The tortious conduct complained upon herein occurred in Palm Beach County, Florida, more specifically, Lantana Florida.

6. At all times material hereto, the Defendant, COSTCO, is the registered owner of the real property located at mailing address 1873 Lantana Road, Lantana, Florida (the "Store").

7. On or about January 25, 2020, Plaintiff, HARRIET SURIANO, was a business invitee of Defendant, COSTCO to the Store.

8. At all times material hereto, the Defendant, BENT, was the general manager responsible for the Store.

9. On or about January 25, 2020, and at all times material hereto, the Plaintiff used the designated handicapped parking space nearest the designated front entrance to the Store and adjacent to what is, upon information and belief, bicycle rack(s) (hereinafter the "Parking Space").

10. At all times material hereto, the Defendant, COSTCO, owned, managed, controlled, possessed, maintained, and/or operated the common areas of the Store, including, but not limited to, the Parking Space.

11. At all times material hereto, the Defendant, COSTCO, by and through its employee, BENT, managed, controlled, possessed, maintained, and/or operated the common areas of the Store, including, but not limited to, the Parking Space.

12. The Defendant, COSTCO is vicariously liable for the negligence of its employees, agents, servants, and apparent agents, including but not limited to BENT under the doctrine of respondeat superior.

13. On or about January 25, 2020 and at all times material hereto, the Plaintiff, HARRIET SURIANO, was injured while exiting her vehicle at or near the Parking Space.

14. At all times material hereto, the Parking Space represented an unsafe and dangerous condition as the Parking Space did not contain an access aisle, was located next to and/or adjacent to a wheel-stop within a designated and/or intended pedestrian access and/or ingress and/or egress route, a non-compliant walking surface, and other unreasonably unsafe and dangerous conditions.

15. At all times material hereto, the Defendants knew or should have known that the conditions existed and constituted an unsafe and dangerous condition to invitees using the Parking Space, such as the Plaintiff.

**COUNT 1 - NEGLIGENCE AND DAMAGES AGAINST DEFENDANT COSTCO**

16. Plaintiff, HARRIET SURIANO, realleges and readopts 1 through 15 as though fully set forth herein and further alleges:

17. On or about January 25, 2020, Defendant, COSTCO WHOLESALE CORPORATION, had a duty to maintain and provide reasonably safe premises at the Store, including providing safe ingress and egress for business invitees, including Plaintiff, HARRIET SURIANO. Furthermore, Defendant, COSTCO WHOLESALE CORPORATION, had a duty to properly maintain, protect, remedy, and/or warn business invitees, including Plaintiff, HARRIET SURIANO, of the unreasonably dangerous condition, which Defendant, COSTCO WHOLESALE CORPORATION, knew or should have known existed in or near the Parking Space.

18. On or about January 25, 2020, Defendant, COSTCO WHOLESALE CORPORATION, knew or should have known of the unreasonably dangerous condition. This

unreasonably dangerous condition had existed for such a period of time that Defendant, COSTCO WHOLESALE CORPORATION, knew or should have known it existed.

19. Despite Defendant, COSTCO WHOLESALE CORPORATION, actual and/or constructive knowledge of the danger posed by the unreasonably dangerous condition, Defendant's negligence includes, but is not limited to:

   a) Negligently failing to use reasonable care in maintaining the Parking Space and/or the area adjacent to the Parking Space in a reasonably safe condition; and/or

   b) Negligently failing to inspect the Parking Space, and/or the area immediately adjacent to the Parking Space; and/or

   c) Negligently failing to discover, remove, guard against, correct, repair, and/or modify the unsafe and dangerous condition presented by the Parking Space; and/or

   d) Failing to use reasonable care in warning Plaintiff, HARRIET SURIANO, of the parking stop adjacent to the Parking Space which created a dangerous condition;

   e) Failing to remedy the dangerous condition created by the parking stop in the pedestrian access and/or ingress and/or egress route;

   f) Failing to exercise reasonable care in maintaining the Parking Space; and/or

   g) Failing to make reasonable inspections of its premises to identify such dangerous conditions created by the negligent behavior of the employees, agents, and/or apparent agents;

   h) Negligently permitting the dangerous and hazardous condition of the parking stop adjacent to the Parking Space to remain on the floor of its premises in an area where it knew or should have known customers would travel;

i) Failing to warn the Plaintiff of the existence or presence of the dangerous and hazardous condition created by the parking stop adjacent to the Parking Space located on its premises;

j) Failing to take reasonable steps to correct or remedy the dangerous and hazardous condition created by the parking stop adjacent to the Parking Space located on its premises;

k) Creating the dangerous and hazardous condition of the parking stop adjacent to the Parking Space located on its premises;

l) Failing to exercise reasonable care in the inspection of its premises; and,

m) Failing to exercise reasonable care under all of the relevant surrounding circumstances.

20. As a direct and proximate result of the negligence of Defendant, COSTCO WHOLESALE CORPORATION, described in the preceding paragraphs, Plaintiff, HARRIET SURIANO, suffered bodily injury resulting in pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expenses of hospitalization, medical and nursing care and treatment, loss of earnings, loss of ability to earn money and aggravation of a previously existing condition. The losses are either permanent or continuing in nature and Plaintiff will suffer the losses in the future.

WHEREFORE, Plaintiff, HARRIET SURIANO, demands judgment for compensatory damages and costs against Defendant, COSTCO WHOLESALE CORPORATION, and such other and further relief as the Court may deem just and proper under the circumstances and furthermore demands trial by jury on all issues so triable.

## COUNT II – NEGLIGENCE AGAINST THE DEFENDANT, MERTON BENT

21. The Plaintiff re-adopts and re-alleges paragraphs 1 – 20 as if fully set forth herein, and further alleges:

22. At all times material hereto, the Defendant, BENT, was employed as the general manager of the Store and was an employee and/or agent and/or apparent agent of the Defendant COSTCO.

23. As the general manager, the Defendant, BENT, was responsible for, among other things, maintenance, repair, remediation, supervision, control, inspection and other associated oversight of the common areas of the Store, including, but not limited to, the Parking Space.

24. On or about January 25, 2020, Defendant, BENT, had a duty to maintain and provide reasonably safe premises at the Store, including providing safe ingress and egress for business invitees, including Plaintiff, HARRIET SURIANO. Furthermore, Defendant, BENT, had a duty to properly maintain, protect, remedy, and/or warn business invitees, including Plaintiff, HARRIET SURIANO, of the unreasonably dangerous condition, which Defendant, MORALES, knew or should have known existed in or near the Parking Space.

25. On or about January 25, 2020, Defendant, BENT, knew or should have known of the unreasonably dangerous condition in the common areas of the store, more specifically the area in and around the Parking Space. This unreasonably dangerous condition had existed for such a period of time that Defendant, BENT, knew or should have known it existed.

26. Despite Defendant, BENT, actual and/or constructive knowledge of the danger posed by the unreasonably dangerous condition, Defendant's negligence includes, but is not limited to:

a) Negligently failing to use reasonable care in maintaining the Parking Space and/or the area adjacent to the Parking Space in a reasonably safe condition; and/or

b) Negligently failing to inspect the Parking Space, and/or the area immediately adjacent to the Parking Space; and/or

c) Negligently failing to discover, remove, guard against, correct, repair, and/or modify the unsafe and dangerous condition presented by the Parking Space; and/or

d) Failing to use reasonable care in warning Plaintiff, HARRIET SURIANO, of the parking stop adjacent to the Parking Space which created a dangerous condition;

e) Failing to remedy the dangerous condition created by the parking stop in the pedestrian access and/or ingress and/or egress route;

f) Failing to exercise reasonable care in maintaining the Parking Space; and/or

g) Failing to make reasonable inspections of its premises to identify such dangerous conditions created by the negligent behavior of the employees, agents, and/or apparent agents;

h) Negligently permitting the dangerous and hazardous condition of the parking stop adjacent to the Parking Space to remain on the floor of its premises in an area where it knew or should have known customers would travel;

i) Failing to warn the Plaintiff of the existence or presence of the dangerous and hazardous condition created by the parking stop adjacent to the Parking Space located on its premises;

*Suriano v. Costco*
*Case No.: 502021CA000946XXXXMB*
*Amended Complaint*
Page 8

    j)    Failing to take reasonable steps to correct or remedy the dangerous and hazardous condition created by the parking stop adjacent to the Parking Space located on its premises;

    k)    Creating the dangerous and hazardous condition of the parking stop adjacent to the Parking Space located on its premises;

    l)    Failing to exercise reasonable care in the inspection of its premises; and,

    m)    Failing to exercise reasonable care under all of the relevant surrounding circumstances.

27. As a direct and proximate result of the negligence of Defendant, BENT, described in the preceding paragraphs, Plaintiff, HARRIET SURIANO, suffered bodily injury resulting in pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expenses of hospitalization, medical and nursing care and treatment, loss of earnings, loss of ability to earn money and aggravation of a previously existing condition. The losses are either permanent or continuing in nature and Plaintiff will suffer the losses in the future.

28. The Defendant, COSTCO, is vicariously liable for the negligence of its employees, agents, servants, and apparent agents, including, but not limited to, BENT under the doctrine of respondeat superior.

WHEREFORE, Plaintiff, HARRIET SURIANO, demands judgment for compensatory damages and costs against Defendants, MERTON BENT and COSTCO WHOLESALE CORPORATION, and such other and further relief as the Court may deem just and proper under the circumstances and furthermore demands trial by jury on all issues so triable.

## CERTIFICATE OF SERVICE

WE HEREBY CERTIFY that on the ____ day of March, 2021, the foregoing document is being served to: DAVID F. COONEY, Esquire, Cooney Trybus Kwavnick Peets, 1600 West Commercial Boulevard, Suite 200, Ft. Lauderdale, FL 33309, reception@ctkplaw.com and tzaccour@ctkplaw.com (Attorneys for Costco); in the manner specified by Rule 2.516 or in some other authorized manner for those counsel or parties who are not authorized to receive service by electronic mail consistent with Rule 2.516(b)(2).

Trent J. Swift, Esquire
Florida Bar No.: 93829
Attorneys for Plaintiff
Lytal, Reiter, Smith, Ivey & Fronrath
515 N. Flagler Drive, 10th Floor
West Palm Beach, FL 33401
Telephone: (561) 655-1990
Facsimile: (561) 832-2932
Email: tswift@foryourrights.com
Email: lnetherland@foryourrights.com